**25-129**

# United States Court of Appeals
# for the Federal Circuit

IN RE SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS AMERICA, INC.,

*Petitioners.*

*On Petition for a Writ of Mandamus to the*
*United States District Court for the Eastern District of Texas,*
*Case No. 2:24-cv-49*
*The Honorable Rodney Gilstrap*

## NON-CONFIDENTIAL RESPONSE TO PETITION
## FOR A WRIT OF MANDAMUS

PETER F. SNELL
pfsnell@mintz.com
BRAD M. SCHELLER
bmscheller@mintz.com
HANNAH M. EDGE
hmedge@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
919 Third Avenue
New York, New York 10022
(212) 935-3000

ROBERT C. SWEENEY
robertcsweeney@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

*Attorneys for Respondent Mullen Industries LLC*

MAY 15, 2025


COUNSEL PRESS    (800) 4-APPEAL • (381416)

FORM 9. Certificate of Interest                                    Form 9 (p. 1)
                                                                   March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-0129 |
| **Short Case Caption** | In re Samsung |
| **Filing Party/Entity** | Mullen Industries LLC |

<table>
<tr><td>

**Instructions:**

  1.  Complete each section of the form and select none or N/A if appropriate.

  2.  Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

  3.  In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

  4.  Please do not duplicate entries within Section 5.

  5.  Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

</td></tr>
</table>

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.


Date: 05/15/2025                    Signature:    /s/ Peter F. Snell

                                    Name:         Peter F. Snell

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Mullen Industries LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable                    ☐   Additional pages attached

| Paul S. St. Marie | Stafford Davis | Catherine S. Bartles |
|---|---|---|
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒   None/Not Applicable                    ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................1

COUNTERSTATEMENT OF THE ISSUES PRESENTED.....................5

COUNTERSTATEMENT OF FACTS ......................................................6

I.   Samsung's 43-Day Delay in Seeking Mandamus Review...........6

II.  The District Court's Order Denying Transfer ...............................6

    A.   The District Court's Finding that Samsung's Failed to Show that SEA Possesses a Regular and Established Place of Business in NDCA ...............................................................7

    B.   The District Court's Finding that the Private and Public Interest Factors Do Not Establish that NDCA is Clearly More Convenient.......................................................8

        1.   Relative Ease of Access to Sources of Proof.............9

        2.   Availability of Compulsory Process .......................10

        3.   Cost of Attendance for Willing Witnesses ..............12

        4.   All Other Practical Problems ..................................13

        5.   Court Congestion ...................................................13

        6.   Local Interest.........................................................13

        7.   Familiarity of the Forum With Law and Conflict of Laws.......14

REASONS WHY A WRIT SHOULD NOT ISSUE ...............................14

I.   Standard of Review....................................................................14

II.  The Court Should Deny Samsung Mandamus Relief Because Samsung Unduly Delayed the Filing of Its Petition.....................15

III. The District Court Correctly Determined that Samsung Failed to Show This Case Could Have Been Brought in NDCA ................17

IV.  The District Court Correctly Determined that Samsung Failed to Show that NDCA is a Clearly More Convenient Forum..............19

    A.   The District Court Correctly Determined that Sources of Proof Are More Accessible in EDTX .........................................19

B.    The District Court Correctly Determined that the Availability of Compulsory Process Does Not Favor Transfer....................................21

C.    The District Court Correctly Determined that NDCA Is Not Clearly More Convenient for Willing Witnesses................................24

D.    The District Court Correctly Determined that EDTX Has a Stronger Local Interest Than NDCA ...................................................26

E.    The Parties Agree that the District Court Made No Error as to the Remaining Convenience Factors...................................................28

CONCLUSION .......................................................................................28

Material omitted from the Non-Confidential Response Brief includes confidential information relating to business practices and other commercial sensitive information of Petitioners. That material is subject to the district court's Protective Order (Dkt. 36), and was redacted from public filings in the district court. Such material is redacted on pages 2-3, 6, and 24 of the Non-Confidential Response Brief.

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cardware, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 2:22-cv-0141-JRG-RSP, 2023 U.S. Dist. LEXIS 62442 (E.D.
Tex. Apr. 8, 2023)................................................................................26

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004)............................................................................14

*Def. Distrib. V. Bruck*,
30 F.4th 414 (5th Cir. 2022).........................................................15, 22

*Duggar v. Stephen F. Austin State Univ.*,
232 F. Supp. 3d 938 (E.D. Tex. 2017)................................................18

*Gentex Corp. v. Meta Platforms, Inc.*,
No. 6:21-cv-00755-ADA, 2022 U.S. Dist. LEXIS 120505 (W.D.
Tex. July 8, 2022) ...............................................................................23

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ...............................................15, 21, 27

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ..........................................................25

*In re Google LLC*,
No. 2022-140, 2022-141, 2022-142, 2022 WL 1613192 (Fed. Cir.
May 23, 2022)........................................................................... 3, 20, 21

*In re Intel Corp.*,
No. 2021-111, 2021 U.S. App. LEXIS 1691 (Fed. Cir. Jan. 21,
2021) ......................................................................................................1

*In re Planned Parenthood Fed. of Am., Inc.*,
52 F.4th 625 (5th Cir. 2022) ...............................................................15

*In re Samsung Elecs. Co.*,
2 F.4th 1371 (Fed. Cir. 2021) ...............................................................3

*In re Samsung Elecs. Co.*,
  No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) .............................3

*In re Telular Corp.*,
  319 Fed. Appx. 909 (Fed. Cir. 2009)....................................................16

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) .........................................................15

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ........................................................14

*United States v. Dern*,
  289 U.S. 352 (1933)........................................................................16

*United States v. Jackson*,
  426 F.3d 301 (5th Cir. 2005) ............................................................18

Pursuant to the Court's Order, dated May 8, 2025, Respondent Mullen Industries LLC ("Mullen" or "Respondent") submits this response to the Petition for a Writ of Mandamus ("Petition" or "Pet.") filed on May 7, 2025 by Petitioners Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Petitioners").

## INTRODUCTION

A writ of mandamus is reserved for truly extraordinary circumstances, and this Court exercises its mandamus authority with prudence and restraint. *In re Intel Corp.*, No. 2021-111, slip op. at 5, 2021 U.S. App. LEXIS 1691, at *5 (Fed. Cir. Jan. 21, 2021) (citing *Ex parte Fahey*, 332 U.S. 258, 259-60(1947)). The Petition here arises from Samsung's motion to transfer venue from the United States District Court for the Eastern District of Texas ("EDTX") to the United States District Court for the Northern District of California ("NDCA"), which the district court properly denied. The Court should deny Samsung's Petition for three reasons.

First, Samsung did not promptly seek mandamus relief. There is no justification for Samsung's 43-day delay between the district court's entry of its order denying transfer on March 25, 2025 (Appx0001) and Samsung's filing of its Petition on May 7, 2025. After entry of the district court's order, the parties finished *Markman* briefing, supplemented document productions to well over 400,000 pages, supplemented written discovery, and took multiple key depositions, including the

1

CONFIDENTIAL MATERIAL REDACTED

depositions of two key Samsung EDTX-based employees (██████Names██████

████) who (i) Samsung designated to testify on its behalf on an expansive set of

more than 40 topics pursuant to Federal Rule of Civil Procedure 30(b)(6) and

(ii) Samsung has conceded are relevant witnesses for trial. Appx0205. Accordingly,

not only did the district court correctly identify the central relevance of these and

other EDTX witnesses and documents when denying Samsung's motion to transfer

(Appx0008; Appx0013; Appx0186; Appx0192), Samsung's 43-day delay in

pursuing mandamus relief while allowing the case to progress significantly on the

merits, and entrenching its ties to EDTX, alone justifies denial of the Petition.

Second, the district court correctly determined that Samsung failed to show

that this case could have been brought in the proposed transferee forum. Samsung

bore the burden to show that SEA possesses a "regular and established business" in

NDCA. And, the district court committed no legal error when it held that Samsung

failed to do so. It correctly credited Respondent's showing that Samsung did not

identify in its motion any "regular and established place of business" of SEA in

NDCA. Specifically, the district court credited Respondent's showing that Samsung

only vaguely and insufficiently referred in its motion to alleged NDCA "offices" that

might merely be "home offices of employees or offices that belong to a different

entity" than SEA, "neither of which would be sufficient to establish that venue would

have been proper as to SEA in NDCA." Appx0003 (citing Appx0185). The district

court also correctly (i) rejected Samsung's attempt to introduce new evidence in its reply brief identifying two facilities and (ii) nonetheless found that "Defendants fail to … support that either Defendant operates a regular and established place of business at these identified facilities." Appx0004. Indeed, even considering Samsung's late evidence, Respondent's unrebutted evidence showed that the two facilities were at best places of business of two different Samsung entities (Samsung Next and SRA), not Defendant SEA. Appx0003-0004 (citing Appx00573); SAppx0130-0131; SAppx0140. Defendants' citation of *In re Samsung* and *In re Google* is misplaced. Pet., 1-2.[1] There the issue of whether SEA possesses a regular and established place of business in NDCA had not been raised for this Court to review.

Third, the district court correctly considered and balanced the private and public interest factors and determined that Samsung failed to show that the proposed transferee forum is "clearly more convenient." Appx0018-0019. The district court credited, for example, undisputed evidence that Samsung's EDTX-based employees (including ███████ Names ███████, discussed *supra*) possess relevant documents and knowledge on a broad range of topics including "marketing, valuation, financials, and consumer insights and value drivers of the accused

---

[1] *In re Samsung Elecs. Co.*, No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023); *In re Google LLC*, No. 2-22-140, 2022-141, 2022-142, 2022 WL 1613192 (Fed. Cir. May 23, 2022); *In re Samsung Elecs. Co.*, 2 F.4th 1371 (Fed. Cir. 2021).

products." Appx0008 (citing Appx0186-0187; Appx0205; SAppx0078-0079; SAppx0076; SAppx0081-0083; SAppx0095-0098; SAppx0100; SAppx0105; SAppx0109-0110; SAppx0112-0113; SAppx0115-0117; SAppx0121); Appx0013; Appx0192. In addition, the district court correctly determined that "Defendants also do not dispute that Defendants have tested at least one of the accused functionalities in [EDTX]." Appx0017; Appx0187 (citing SAppx0123; SAppx0083-0085). Still further, the district court noted that the technologies at issue in this case are:

(i)    Samsung's own "STF" (SmartThings Find) technology in Samsung phones and tablets (relevant to 7 of 8 asserted patents);

(ii)    Samsung's own "*adapted version* of Wear OS" in Samsung watches (relevant to one asserted patent); and

(iii)    Samsung's incorporation of Google Maps in Samsung phones and tablets (relevant to 5 of 8 asserted patents).

Appx0002; Appx0008 (emphases in original); Appx0575 n.3; Appx0185. For all of these reasons, the district court properly rejected Samsung's argument that Google is "at the center" of the infringement allegations in this case—an argument that Samsung nonetheless repeats here. Pet., 4; Appx0008 ("Non-party Google documents are not relevant to Plaintiff's infringement claims against Defendants' mobile devices with Defendants' [STF] technology and Defendants' watches running WearOS software.").

Accordingly, in view of the district court's proper consideration and balancing of the evidence in the context of the specific facts and circumstances of this case,

including that "Google Maps is only one of the accused features," the district court committed no legal error when it correctly determined that the location of any Google document(s) and witness(es) is entitled to minimal weight. Appx0014; Appx0008. Nor did the district court commit error when it discounted Samsung's alleged, but wholly unsupported, arguments regarding the existence of potential prior art. The district court correctly determined, and it cannot be genuinely undisputed, that "Defendants provide[d] no evidence that these individuals have information regarding the alleged prior art or where such information is stored." Appx0008-0009 (citing Appx0121-0122); Appx0576; SAppx0143; SAppx0145. The district court was correct, including because Samsung recently confirmed in the district court that it will call only a *single* Google witness to testify at trial, and has taken minimal discovery regarding alleged prior art notwithstanding that fact discovery closes on May 30, 2025.

The Court should deny the Petition.

## COUNTERSTATEMENT OF THE ISSUES PRESENTED

Whether Samsung is entitled to the extraordinary relief of a writ of mandamus concerning the district court's denial of Samsung's motion to transfer venue from EDTX to NDCA where Samsung failed to (i) promptly seek mandamus review of the district court's order, (ii) carry its burden on the threshold issue of showing that

CONFIDENTIAL MATERIAL REDACTED

this case could have been brought in NDCA, and (iii) demonstrate that NDCA is a "clearly more convenient forum."

## COUNTERSTATEMENT OF FACTS

### I. Samsung's 43-Day Delay in Seeking Mandamus Review

On March 25, 2025, U.S. District Court Judge Rodney Gilstrap issued an order denying Samsung's motion to transfer venue from EDTX to NDCA. Appx0001.

Inexplicably, however, Samsung waited 43 days to file its Petition for a Writ of Mandamus on May 7, 2025. In that time, this case has steadfastly continued to progress towards trial. In the time following entry of the district court's order, the parties finished *Markman* briefing, supplemented document productions to well over 400,000 pages, supplemented written discovery, and took multiple depositions, including the depositions of two Samsung EDTX-based employees (Names ████████████) identified in Samsung's initial disclosures as relevant witnesses (Appx0205) and who have now testified at deposition on Samsung's behalf on more than 40 topics pursuant to Federal Rule of Civil Procedure 30(b)(6).

Samsung's Petition contains no explanation for its 43-day delay in pursuing mandamus review of the district court's order.

### II. The District Court's Order Denying Transfer

The district court denied Samsung's motion to transfer venue for two independent reasons.

First, the district court held that Samsung failed to show that this case could have been brought in the proposed transferee forum of NDCA. Appx0003-0005. Samsung bore the burden to show that SEA possesses a "regular and established business" in NDCA and the district court determined that Samsung failed to meet its burden. *Id*.

Second, based on the district court's balancing of the private and public interest factors, the district court determined that Samsung failed to carry its burden of showing that the proposed transferee forum is "clearly more convenient." Appx0018-0019.

## A.    The District Court's Finding that Samsung's Failed to Show that SEA Possesses a Regular and Established Place of Business in NDCA

The district court determined that Defendants failed to meet their burden to show that this case could have been brought in NDCA. Appx0003-0005.

The district court considered a declaration from an SEA employee stating that "SEA has several facilities throughout California, including the NDCA, and employs over 600 regular full-time employees in California as of June 30, 2024. This includes over 200 employees in Mountain View, California, as of June 30, 2024." Appx0004. The district court credited Mullen's showing that Samsung did not identify in its declaration (nor anywhere else in its motion) any "regular and established place of business" of SEA or SEC in NDCA. Specifically, the court credited Mullen's

showing that Samsung's reference to alleged NDCA "facilities" or "offices" could merely be "home offices of employees or offices that belong to a different entity" than SEA, "neither of which would be sufficient to establish that venue would have been proper as to SEA in NDCA." Appx0003 (citing Appx0185); Appx0004. In addition, the district court held that Defendants "fail to allege that they have committed acts of infringement in the Northern District of California." Appx0005.

Defendants attempted to cure the deficiency identified in Mullen's opposition to Samsung's motion to transfer by introducing new evidence of alleged facilities in NDCA in Samsung's reply brief, which the district court rejected as untimely. Appx0004. In any event, the district court found that "Defendants fail to … support that either Defendant operates a regular and established place of business at these identified facilities." Appx0004. Unrebutted record evidence showed on its face that the two late-identified facilities were places of business of two different Samsung entities (Samsung Next and SRA), not places of business of Defendant SEA. Appx0003-0004 (citing Appx00573); SAppx0130-0131; SAppx0140.

### B. The District Court's Finding that the Private and Public Interest Factors Do Not Establish that NDCA is Clearly More Convenient

The district court based its finding that Samsung had not met its burden of establishing that NDCA is a "clearly more convenient forum" on its thorough consideration and balancing of the private and public interest factors (Appx0018-0019), summarized below.

### 1.    Relative Ease of Access to Sources of Proof

With respect to relative ease of access to sources of proof, the district court emphasized the importance of documentary evidence and determined that this factor weighs slightly against transfer. Appx0006-0009.

The district court credited Mullen's undisputed showing that Samsung possesses relevant documents in EDTX—identified by Mullen with specificity in its opposition brief and with examples attached as exhibits—related to "marketing, valuation, financials, and consumer insights and value drivers of the accused products." Appx0008 (citing Appx0186-0187; Appx0205; SAppx0078-0079; SAppx0076; SAppx0081-0083; SAppx0095-0098; SAppx0100; SAppx0105; SAppx0109-0110; SAppx0112-0113; SAppx0115-0117; SAppx0121); Appx0013; Appx0192.

The district court acknowledged Samsung's arguments regarding alleged evidence from SEC in Korea and from Google in NDCA. However, the district court explained that the documents in Korea are neutral in the transfer analysis because they are "equally inconvenient and accessible for both this Court and the Northern District of California." Appx0007. Regarding the purported Google document(s), the district court determined that such documents "are entitled to only minimal weight" because at most they are relevant to only one of the three accused technologies. Appx0008.

The district court also acknowledged Samsung's attempt to rely on seven prior artists. Appx0008. The court rejected Samsung's arguments because "Defendants provide no evidence that these individuals have information regarding the alleged prior art or where such information is stored" and "it is unclear whether Defendants have charted any of these alleged pieces of prior art in their invalidity contentions such that they are relevant to Defendants' invalidity defenses." Appx0008-0009. The district court made clear that it was not requiring Defendants "to show that the potential witness has more than relevant and material information." Appx0009. Rather, the district court simply noted that Defendants were required to, and failed to, "show that these purported pieces of prior art are relevant." *Id.*

## 2.    Availability of Compulsory Process

The district court determined that "Defendants do not identify a single witness who they expect to testify at trial," much less "that any non-party witness would be unwilling to testify in this case" at trial. Appx0011. The court thus determined that "[o]n the record before it, … the Court could find that this factor weighs against transfer." *Id.* The court went on to explain that "even assuming that Defendants' identified witnesses are unwilling to testify at trial, this factor does not weigh in favor or transfer" and found this factor would be neutral because "Defendants fail to provide the Court with sufficient evidence to conclude that their proposed forum

would be any more convenient than this District under this factor." Appx0011; Appx0013.

In finding that the Google witnesses are not unwilling witnesses in this case, the district court relied upon its determinations that the "Google witnesses voluntarily provided declarations in support of Defendants' Motion to Transfer, Google likely owes indemnity to Samsung, and Defendants and Google are co-petitioners in *inter partes* review petitions against the asserted patents." Appx0011; Appx0190-0191. The district court thus held that it would consider the purported Google witnesses under the willing witness factor, instead of the compulsory process factor. Appx0011.

Regarding purported prior art witnesses, the district court again explained that (i) Samsung failed to provide anything more than "mere speculation regarding these individuals," (ii) "Defendants provide no evidence that these individuals have information regarding the alleged prior art," and (iii) "it is unclear whether Defendants have charted any of these alleged pieces of prior art in their invalidity contentions." Appx0011. As Mullen had shown, Samsung had issued only one subpoena to a single witness who "was unlikely to possess relevant information because he did not invent the [alleged prior art] system as evidenced by his joining the company as a marketing executive 1-year after the system's launch." Appx0576; SAppx0143; SAppx0145.

11

### 3.     Cost of Attendance for Willing Witnesses

Regarding the willing witnesses factor, the district court held that it "could find, based on the parties' failure to identify willing witnesses for trial, that this factor is neutral in the transfer analysis." Appx0013. The court's perception was correct, as Samsung has since confirmed in this case that it will call only a single Google witness to testify at trial.

In any event, the district court "address[ed] the parties' identified witnesses under this factor and assume[d]—though it is not required—that the parties intend to call these witnesses at trial." *Id.* And, even considering this factor on the basis of those assumptions, the district court found that this factor would only slightly favor transfer. Appx0015.

The district court held that Defendants' EDTX-employees, identified by Mullen as relevant to multiple issues, weigh against transfer. Appx0013-0014.

On the other hand, the district court acknowledged that NDCA would be slightly more convenient for Samsung's Korean witnesses and any Google witnesses regarding Google Maps. *Id.* As to the Google witnesses, the district court explained that these individuals only slightly favored transfer because Google Maps is only one of the three accused technologies in this case. Appx0014; Appx0002; Appx0008; Appx0575 n.3.

### 4.     All Other Practical Problems

Regarding the fourth private interest factor, the district court acknowledged both parties' arguments and concluded that this factor is neutral. Appx0015.

### 5.     Court Congestion

Turning to the public interest factors, the district court found that the "court congestion" factor is neutral. Appx0016. The court noted that "[w]hile this Court finds it perplexing to consider marketplace status of the parties in addressing this *public* interest factor related to court congestion, it is bound by the Federal Circuit's decision … to afford this factor no weight based on time-to-trial differences" when the plaintiff does not directly compete with the defendant in the marketplace. *Id.* (emphasis in original).

### 6.     Local Interest

Regarding the local interest factor, the district court found that this factor weighs against transfer. Appx0016. The district court explained that "Defendants admit that SEA maintains an office in [EDTX]" and that "Defendants also do not dispute that Defendants have tested at least one of the accused functionalities in [EDTX]." Appx0017. The court further explained that "Defendants have not presented evidence that any *party* maintains a significant presence in the Northern District of California." *Id.* (emphases in original). And, although "Defendants emphasize that non-parties such as Google and SEA's subsidiary STI have a presence in the Northern District of California," the court explained that "non-parties

13

'are irrelevant when determining whether localized interests weigh in favor of transfer' and, thus, absent other evidence, the Northern District of California does not have a stronger local interest in this case than the Eastern District of Texas." Appx0017-0018.

### 7.    Familiarity of the Forum With Law and Conflict of Laws

The parties agreed and the district court found that these third and fourth public interest factors are neutral. Appx0018.

## REASONS WHY A WRIT SHOULD NOT ISSUE

## I.    Standard of Review

"Mandamus is an extraordinary remedy, available only upon a demonstration by the petitioner of a 'clear and indisputable' right to the relief sought." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) (*quoting Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)); *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (holding that a writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes" (quotations omitted)). To be entitled to this "extraordinary" remedy, a petitioner must establish it (1) has a clear and indisputable right to issuance of the writ and (2) does not have any other adequate means to obtain relief. *Cheney*, 542 U.S. at 380-81. And, even if the petitioner can meet these two requirements, it must further show "the writ is appropriate under the circumstances." *Id.* at 381.

14

This Court applies regional circuit law, here the Fifth Circuit, in reviewing a Section 1404(a) motion to transfer in response to a petition for a writ of mandamus. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

This Court properly constrains its review of a transfer decision "for reliance on clearly erroneous fact findings, erroneous conclusions of law, or misapplication of law to fact." *In re Apple Inc.,* 979 F.3d 1332, 1346 (Fed. Cir. 2020). In addition, the Fifth Circuit requires more than a showing that a district court "misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *In re Planned Parenthood Fed. of Am., Inc.,* 52 F.4th 625, 629 (5th Cir. 2022). Fifth Circuit law requires a petitioner to show "clear abuses of discretion that produce patently erroneous results," absent which a petitioner cannot establish "a clear and indisputable right to the writ." *Id.* (quotation and citation omitted).

Also relevant to the issues here, the Fifth Circuit requires a movant to make "an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Def. Distrib. V. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022).

## II.    The Court Should Deny Samsung Mandamus Relief Because Samsung Unduly Delayed the Filing of Its Petition

Samsung's decision to wait 43 days to file its Petition for a Writ of Mandamus from the time the district court issued its order denying Samsung's motion to transfer is itself a basis to deny the Petition. "Although the remedy by mandamus is is at law,

its allowance is controlled by equitable principles … and it may be refused for reasons comparable to those which would lead a court of equity in the exercise of a sound discretion, to withhold its protection of an undoubted legal right." *United States v. Dern*, 289 U.S. 352, 359 (1933). This Court has specifically identified a party's lack of diligence in filing a petition for a writ of mandamus as a sufficient basis to deny the petition. *E.g.*, *In re Telular Corp.*, 319 Fed. Appx. 909, 911 (Fed. Cir. 2009) (nonprecedential).

There is no justification for Samsung's decision to delay the filing of its Petition while this case has continued to progress rapidly towards trial, including, for example, the close of fact discovery and exchange of opening expert reports in approximately two weeks on May 30, 2025. In addition, as noted *supra*, in the time following entry of the district court's order, the parties have finished *Markman* briefing, substantially completed their document productions, supplemented written discovery, and taken multiple depositions of key EDTX-based employees, designated by Samsung on more than 40 corporate deposition topics, who will be called to testify at trial.

Accordingly, at least because Samsung was not diligent and did not promptly file its Petition, the Court should deny Samsung's Petition.

**III.    The District Court Correctly Determined that Samsung Failed to Show This Case Could Have Been Brought in NDCA**

The Court should deny Samsung's Petition for the additional, independent reason that the district court correctly determined that Samsung failed to meet its burden of showing that this case could have been brought in NDCA. Appx0003-0005.

Samsung argues that the district court abused its discretion by denying Samsung's motion to transfer on this basis. Pet., 16. Samsung, however, misstates the basis for the district court's ruling. *Id*. Samsung contends that the district court imposed a new "street address" requirement, and complains that the district court "refused to consider Samsung's NDCA street address once Samsung proffered it in its reply." *Id*. Not so.

Contrary to Samsung's argument, a plain reading of the district court's order reveals that the court did not impose a "street address" requirement, but rather credited Mullen's showing that Samsung did not identify in its declaration, nor anywhere else in its motion, any "regular and established place of business" of SEA in NDCA. Specifically, the district court credited Mullen's showing that Samsung's reference to alleged NDCA "facilities" or "offices" could merely be "home offices of employees or offices that belong to a different entity" than SEA, "neither of which would be sufficient to establish that venue would have been proper as to SEA in NDCA." Appx0003 (citing Appx0185); Appx0004. In other words, the issue was

not that Samsung failed to identify a specific address, but rather that Samsung failed to show that SEA possesses a regular and established place of business in NDCA. Indeed, the district court expressly stated its ruling: "Defendants fail to … support that either Defendant operates a regular and established place of business at these identified facilities." Appx0004.

The district court also did not abuse its discretion when it rejected Samsung's attempt to introduce new evidence on reply. *E.g.*, *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("[a]rguments raised for the first time in a reply brief . . . are waived"); *Duggar v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 957 (E.D. Tex. 2017) (Bryson, J.) ("courts disregard new evidence or argument offered for the first time in the reply brief"). In any event, even considering Samsung's late evidence submitted on reply, it was insufficient and did not satisfy Samsung's burden. In fact, it confirmed that the two facilities Samsung identified were at best places of business of *different* Samsung entities (Samsung Next and SRA), not SEA. Appx0003-0004 (citing Appx0573); SAppx0130-0131; SAppx0140.

Samsung further argues that "Mullen did not dispute that alleged acts of infringement occurred in NDCA." Pet., 15. This argument misses the mark. The district court was not wrong to fault Samsung for failing to state, much less support, that it committed acts of infringement in NDCA. Appx0005. It was Samsung's

burden—and Samsung's burden alone—to demonstrate propriety of transfer, and the court correctly held after careful consideration that Samsung failed to do so.

## IV. The District Court Correctly Determined that Samsung Failed to Show that NDCA is a Clearly More Convenient Forum

The district court correctly determined that Samsung did not establish NDCA as a clearly more convenient forum. Samsung fails to demonstrate legal error or abuse of discretion in the district court's findings.

### A. The District Court Correctly Determined that Sources of Proof Are More Accessible in EDTX

Samsung complains that "[t]he district court abused its discretion in holding that the sources-of-proof factor weighs *against* transfer based on its erroneous refusal to acknowledge the relevance of Google's evidence—even though this case centers on Google-designed functionalities." Pet., 31. However, the district court properly considered and balanced the evidence, including by way of determining that this case does not "center" on Google technology.

As explained above, the district court correctly determined that evidence of Google Maps relates to but one of three accused technologies in this case. Appx0007-0008; Appx0575 n.3 (Samsung's STF relevant to 7 of 8 asserted patents; Samsung's adapted Wear OS relevant to one asserted patent; Google Maps relevant to 5 of 8 asserted patents). For the other two accused technologies, the district court correctly determined that "Google documents are not relevant to Plaintiff's

infringement claims against Defendants' mobile devices with Defendants' [STF] technology and Defendants' watches running Wear OS software," including because Samsung alone develops STF and "Defendants admit that 'SEC *adapts* [Wear OS] for use for [Defendants'] watch products.'" Appx0008 (emphases in original).

Samsung also vastly overstates the relevance of Google's documents regarding Google Maps by comparatively oversimplifying Samsung's own, expansive collection of  relevant EDTX-based evidence as "damages-related documents." Pet., 3. The district court, in fact, credited undisputed evidence that Samsung possesses in EDTX many relevant and specific documents related to central issues of "marketing, valuation, financials, and consumer insights and value drivers of the accused products." Appx0008 (citing, e.g., Appx0186-0187; Appx0205; SAppx0078-0079; SAppx0076; SAppx0081-0083; SAppx0095-0098; SAppx0100; SAppx0105; SAppx0109-0110; SAppx0112-0113; SAppx0115-0117; SAppx0121); Appx0013; Appx0192.

In addition, Samsung's continued reliance on Google remains misplaced. Google is not a party here, and is not "at the center" of the allegations. Pet., 4. *In re Google* is easily distinguished because there (unlike here) plaintiff had also filed suit against Google and Waze; thus, because the Google and Waze cases were transferred to NDCA, judicial economy was served by transferring the suit against Samsung to NDCA too. *In re Google*, No. 2022-140, 2022-141, 2022-142, 2022 WL 1613192,

at *2 (Fed. Cir. May 23, 2022). In addition, "Google's accused functionality [was] at the center of the allegations" (*id*. at *3), whereas here Samsung's own (i) STF technology and (ii) adaptations to Wear OS watch technology are also accused. Further, the evidence there only reflected Samsung's "general" connection to EDTX (*id*. at *4 n.3), whereas here Samsung's evidence and witnesses in EDTX have deep evidentiary ties to this case, including as admitted in Samsung's initial disclosures. Appx0205.

Samsung also relies on *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) to argue that the district court improperly "overemphasiz[ed]" the "damages-related documents … in EDTX." Pet., 3, 32. Not so. Unlike in *In re Apple*, where the district court "failed to even mention [the] sources of proof in NCDA," as noted above the district court here expressly acknowledged, considered, and weighed the alleged evidence in NDCA. *In re Apple*, 979 F.3d at 1340.

### B.    The District Court Correctly Determined that the Availability of Compulsory Process Does Not Favor Transfer

Samsung, without merit or factual support, argues that this factor strongly favors transfer because "there are numerous relevant third-party witnesses subject to NDCA's subpoena powers, but none subject to EDTX's." Pet., 22. Specifically, Samsung argues that there are "seven prior art witnesses in California with knowledge of relevant prior art" and "eleven Google engineers and product

managers knowledgeable about the design of the accused features of Google Maps and Wear OS [that] are located in NDCA." *Id.*

Samsung ignores the district court's findings, and the reality, that Samsung failed to support its speculative allegation about alleged third-party witnesses. Thus, as the district court correctly determined, Samsung's argument is entitled to no weight. *E.g.*, *Def. Distrib. V. Bruck*, 30 F.4th at 434 (requiring "an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum"). The district court correctly assessed the situation: "Defendants do not identify a single witness who they expect to testify at trial," much less "that any non-party witness would be unwilling to testify in this case" at trial. Appx0011. On this basis alone, the district court was justified in finding this factor neutral.

Regarding the purported Google witness(es), Samsung also fails to show any flaw, much less an abuse of discretion, in the district court's sound reliance on its determinations that the purported Google witnesses should be considered under the willing witness factor (and not under the compulsory process factor) because "Google witnesses voluntarily provided declarations in support of Defendants' Motion to Transfer, Google likely owes indemnity to Samsung, and Defendants and Google are co-petitioners in *inter partes* review petitions against the asserted patents." Appx0011; Appx0011 n.2 (citing *In re Planned Parenthood Fed'n of Am.,*

*Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022)); Appx0190-0191. Thus, their minimal relevance, for what it is worth, is to be considered under the willing witness factor, not the compulsory process factor. Appx0014.

Regarding purported prior art witnesses, Samsung fails to establish abuse of discretion in the district court's unremarkable finding that Samsung failed to support its terse allegations as to a purported "seven prior art witnesses in California." Pet. 22. The district court correctly explained that Samsung offered nothing more than "mere speculation regarding these individuals," and certainly not "evidence that these individuals have information regarding the alleged prior art." Appx0011-0012. In stark contrast, and typically, when a defendant seeks to demonstrate relevance of prior art, it provides a claim chart showing the purported relevance of the prior art to the patent(s) at issue. *E.g., Gentex Corp. v. Meta Platforms*, *Inc.*, No. 6:21-cv-00755-ADA, 2022 U.S. Dist. LEXIS 120505, at *13 (W.D. Tex. July 8, 2022) ("Defendants establish[ed] the relevance of the prior art to the Asserted Patents by providing invalidity contention charts"). Samsung failed to come even remotely close to that here. There was thus nothing inherently wrong with the district court's observation that it was even "unclear whether Defendants have charted any of these alleged pieces of prior art in their invalidity contentions." Appx0012. Samsung merely left the district court to guess about the relevance, if any, of Samsung's

alleged prior art witnesses, which underscores Samsung's failure to demonstrate relevance of any purported prior art, or prior art witnesses, under this factor.

## C. The District Court Correctly Determined that NDCA Is Not Clearly More Convenient for Willing Witnesses

Samsung claims that "[t]he district court abused its discretion in concluding that the convenience of willing witnesses only slightly favors transfer." Pet., 26. Specifically, Samsung complains that the district court "gave only minimal weight to the *eleven* Google engineers and product managers who designed and worked on the accused technology in NDCA, as well as the three identified Samsung technical witnesses in Korea." *Id.* at 27. Here again, Samsung seeks to find fault in the district court's reasoning where none is present.

Contrary to Samsung's argument, the district court did not abuse its discretion when it found that Google's role in this case is limited. Appx0014. For example, as discussed *supra*, Google Maps is only one of three technologies at issue. *Id.* And, even as to Google Maps, Samsung's own EDTX-based marketing and consumer analysis teams possess relevant evidence pertaining thereto. *E.g.*, SAppx0095-0098; SAppx0100; SAppx0105; SAppx0109-0110; SAppx0112-0113; SAppx0115-0117; SAppx0121; *see also supra* § IV.A. In addition, Samsung itself has recently stated in this case that it plans to call only a *single* Google witness at trial. This singular potential Google witness is far outweighed by the two EDTX witnesses (Names ███████████████) who (i) Samsung identified in its initial disclosures, (ii) have

24

already been deposed in the case as 30(b)(6) Samsung corporate witnesses on a broad set of over 40 topics, and (iii) will be called to testify at trial. *See supra* § I; II.B.3.

Moreover, there was no error in the district court's consideration of Mullen's showing that "once source code is obtained from Google in discovery, there will be no need for any Google witness to testify at trial." Appx0010 (citing Appx0191). Indeed, Mullen showed that Samsung itself admitted in this case that the parties' technical experts are the ones who will testify about the technical features, not fact witnesses. Appx0191; SAppx-0149. Samsung acknowledged that once source code is produced, it provides "all the information needed," which can be "just as readily determined by [the expert witnesses] by reviewing the code produced." *Id.* Thus, based on the facts of this specific case, both parties have acknowledged that fact witnesses have minimal relevance regarding technical issues and source code.

Accordingly, there was no error, much less reversible error, in the district court's sound conclusion that at most this factor weighs only slightly in favor of transfer. Appx0015. The district court did not ignore this Court's guidance in *In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009) like Samsung argues. Pet., 2, 28. Rather, the district court followed the precise guidance of *In re Genentech* by "assess[ing] the relevance and materiality of the information the witness may provide." *Id.*

**D.    The District Court Correctly Determined that EDTX Has a Stronger Local Interest Than NDCA**

Samsung incorrectly claims that "NDCA has a far stronger interest in this case than EDTX." Pet., 35.

Contrary to Samsung's argument, there was no abuse of discretion in the district court's finding that EDTX has a stronger local interest than NDCA here. Appx0017-0018. EDTX's local interest indeed cannot genuinely be disputed because, just as in other cases where venue was deemed proper as to Samsung in EDTX, "Samsung has a significant presence in Plano, Texas which carries out testing on and marketing efforts over the accused products." *E.g., Cardware, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-0141-JRG-RSP, 2023 U.S. Dist. LEXIS 62442, at *9 (E.D. Tex. Apr. 8, 2023). The district court indeed explained that "Defendants admit that SEA maintains an office in this District," possess relevant information in EDTX regarding marketing, financials, and other issues, and "do not dispute that Defendants have tested at least one of the accused functionalities in this District." Appx0017; *see also supra* § IV.A.

Contrary to Samsung's argument, there was also no abuse of discretion in district court's determination that "Defendants have not presented evidence that any ***party*** maintains a significant presence in the Northern District of California." Appx0017 (emphases in original). Where, as here, it is undisputed that SEA (a party) engages directly and extensively in EDTX with the accused products, across

26

multiple ones of the three accused technologies, it was wholly proper for the district court to conclude that non-party Google's involvement in but one of such accused technologies is insufficient to turn this factor in favor of transfer—i.e., "the Northern District of California does not have a stronger local interest in this case than the Eastern District of Texas." Appx0017 (citing *Astute Tech., LLC v. Learners Digest Int'l LLC*, No. 2:12-cv-00689-WCB, 2014 WL 12596468, at *10 (E.D. Tex. Apr. 28, 2014) (Bryson, J., sitting by designation) ("While LDI argues that the Western District of Wisconsin has an interest in determining if technology employed by one of its resident corporations, Sonic Foundry, infringes a valid patent, that interest, affecting only a third party that is a stranger to this lawsuit, is not of sufficient magnitude to be an important consideration in the transfer decision.")).

Samsung's citation of *In re Apple* to argue that the district court erroneously determined that EDTX has a greater local interest is misplaced. Pet., 3. In that case, the district court erred by "so heavily weighing Apple's general contacts with the forum that are untethered to the lawsuit" and "failing to give weight to the 'significant connections between [NDCA] and the events that gave rise to a suit.'" *Apple*, 979 F.3d at 1345 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). The district court did not make the same mistake here. In *In re Apple*, "the accused products were designed, developed, and tested in NDCA." *Id.* Here, however, even Samsung does not dispute that the accused products were tested in

EDTX and that Samsung possesses in EDTX relevant information regarding marketing, financials, and other pertinent issues. Appx0017; *see also supra* § IV.A.

### E.    The Parties Agree that the District Court Made No Error as to the Remaining Convenience Factors

Samsung admits that the "district court correctly held that the remaining convenience factors—other practical problems, court congestion, familiarity with governing law, and avoidance of conflicts of laws—are neutral." Pet., 39. Accordingly, Samsung does not argue, nor is there any basis to find, that the district court's consideration of these factors warrants mandamus relief.

### CONCLUSION

For the foregoing reasons, Mullen respectfully requests that the Court deny the Petition.

Dated: May 15, 2025                              Respectfully submitted,

                                                 */s/ Peter F. Snell*
                                                 Peter F. Snell
                                                 Brad M. Scheller
                                                 Hannah M. Edge
                                                     MINTZ LEVIN COHN FERRIS
                                                     GLOVSKY AND POPEO PC
                                                 919 THIRD AVENUE
                                                 NEW YORK, NY 10022

                                                 Robert M. Sweeney
                                                     MINTZ LEVIN COHN FERRIS
                                                     GLOVSKY AND POPEO PC
                                                 One Financial Center

Boston, MA  02111

*Attorneys for Respondent Mullen Industries LLC*

**FORM 31. Certificate of Confidential Material**

Form 31
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF CONFIDENTIAL MATERIAL

**Case Number:** 2025-0129

**Short Case Caption:** In re Samsung

---

**Instructions:** When computing a confidential word count, Fed. Cir. R. 25.1(d)(1)(C) applies the following exclusions:

- Only count each unique word or number once (repeated uses of the same word do not count more than once).

- For a responsive filing, do not count words marked confidential for the first time in the preceding filing.

The limitations of Fed. Cir. R. 25.1(d)(1) do not apply to appendices; attachments; exhibits; and addenda. *See* Fed. Cir. R. 25.1(d)(1)(D).

---

The foregoing document contains ___4___ number of unique words (including numbers) marked confidential.

☑ This number does not exceed the maximum of 15 words permitted by Fed. Cir. R. 25.1(d)(1)(A).

☐ This number does not exceed the maximum of 50 words permitted by Fed. Cir. R. 25.1(d)(1)(B) for cases under 19 U.S.C. § 1516a or 28 U.S.C. § 1491(b).

☐ This number exceeds the maximum permitted by Federal Circuit Rule 25.1(d)(1), and the filing is accompanied by a motion to waive the confidentiality requirements.

Date: 05/15/2025          Signature: /s/ Peter F. Snell

Name: Peter F. Snell

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2025-0129

**Short Case Caption:** In re Samsung

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes _6230_ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 05/15/2025        Signature: /s/ Peter F. Snell

Name: Peter F. Snell

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF SERVICE</u>

**Case Number**   2025-0129

**Short Case Caption**   In re Samsung

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on  05/15/2025

by  ☐   U.S. Mail     ☐   Hand Delivery     ☑ Email     ☐ Facsimile
☐   Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Ginger D. Anders | 601 Massachusetts Avenue NW, Suite 500 E, Washington, DC 20001 ginger.anders@mto.com |
| Evan Mann | 560 Mission Street, 27th Floor, San Francisco, CA 94105 evan.mann@mto.com |
| | |
| | |
| | |

☐   Additional pages attached.

Date:  05/15/2025

Signature:  /s/ Peter F. Snell

Name:  Peter F. Snell