No. 25-129

# United States Court of Appeals for the Federal Circuit

————————

IN RE SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,

*Petitioners.*

————————

On Petition for a Writ of Mandamus to the
United States District Court for the Eastern District of Texas,
Case No. 2:24-cv-49
The Honorable Rodney Gilstrap

————————

**PETITIONERS' REPLY IN SUPPORT OF THEIR PETITION
FOR A WRIT OF MANDAMUS**

————————

EVAN MANN
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000

GINGER D. ANDERS
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Email: ginger.anders@mto.com

*Counsel for Samsung Electronics Co., Ltd.
and Samsung Electronics America, Inc.*

May 19, 2025

# CERTIFICATE OF INTEREST

Counsel for Petitioners certifies the following:

1.    The full name of every party represented by me is:

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

2.    The names of the real parties in interest represented by me are:

None other than Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

3.    All parent corporations and any publicly held companies that own 10% or more of stock in the parties represented by me are:

Samsung Electronics Co., Ltd.

4.    The names of all law firms and the partners or associates that appeared for the parties now represented by me before the originating court or that are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

**O'Melveny & Myers LLP**: Darin W. Snyder; Luann L. Simmons; Mark Liang; Bill Trac; Xin-Yi Zhou; Stacy Yae; Paige Hardy; Marc J. Pensabene; Carson G. Cole; Kyla Butler; Li Guo; Laura B. Gore; Hyun Min Han

**Gillam & Smith LLP**: Melissa Smith

**Mann, Tindel, Thompson**: G. Blake Thompson

5.    The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal is:

None.

6.    Organizational Victims and Bankruptcy Cases:  Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c)

i

(bankruptcy case debtors and trustees) are not applicable because this is not a criminal or bankruptcy case.  See Fed. Cir. R. 47.4(a)(6).

N/A

DATED:  May 19, 2025                    By: */s/ Ginger D. Anders*

Ginger D. Anders

# TABLE OF AUTHORITIES
## (Continued)

<u>**Page**</u>

INTRODUCTION ........................................................................ 1

REASONS WHY THE WRIT SHOULD ISSUE ...................................... 3

I.    Mullen's Delay Argument Is Meritless ........................................... 3

II.   Venue Is Proper in NDCA ........................................................ 5

III.  The Convenience Factors Show That NDCA Is Clearly More
      Convenient ......................................................................... 9

      A.    The Availability of Compulsory Process Strongly
            Favors Transfer .......................................................... 10

      B.    NDCA Is Significantly More Convenient for Fourteen
            Willing Witnesses ......................................................... 13

      C.    The Sources of Proof Are Overwhelmingly Found in
            NDCA ...................................................................... 16

      D.    NDCA Has a Clearly Stronger Local Interest ...................... 18

CONCLUSION .......................................................................... 20

CERTIFICATE OF COMPLIANCE .................................................... 22

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

CASES

*In re Apple Inc.*,
2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ............................ 4, 12, 13

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ..................................................... 16, 17

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985) ................................................................ 6

*Def. Distributed v. Bruck*,
30 F.4th 414 (5th Cir. 2022) .......................................................... 4, 13

*In re EMC Corp.*,
501 F. App'x 973 (Fed. Cir. 2013) ....................................................... 11

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ........................................................... 14

*In re Google LLC*,
2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) ......................................... 19

*In re Google LLC*,
949 F.3d 1338 (Fed. Cir. 2020) ............................................................. 6

*In re Hoffman-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) ........................................................... 20

*In re Honeywell Int'l Inc.*,
2024 WL 302397 (Fed. Cir. Jan. 26, 2024) ........................................... 4

*In re HP Inc.*,
2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) .......................... 10, 11, 15

*In re HP Inc.*,
826 F. App'x 899 (Fed. Cir. 2020) ....................................................... 13

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*In re Hulu, LLC,*
2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ............................ 12, 13, 18

*In re Microsoft Corp.,*
2023 WL 3861078 (Fed. Cir. June 7, 2023) ......................................... 3

*In re Netflix, Inc.,*
2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ......................................... 11

*In re NetScout Sys.,*
2021 WL 4771756 (Fed. Cir. Oct. 13, 2021) ................................. 14, 15

*In re Samsung Elecs. Co.,*
2 F.4th 1371 (Fed. Cir. 2021) .............................................. 9, 15, 19, 20

*In re Samsung Elecs. Co.,*
2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) ...................................... 14

*In re SAP Am.,*
133 F.4th 1370 (Fed. Cir. 2025) ......................................................... 10

*In re Telular Corp.,*
319 F. App'x 909 (Fed. Cir. 2009) ........................................................ 4

*Tewari De-Ox Sys. v. Mountain States/Rosen, LLC,*
757 F.3d 481 (5th Cir. 2014) ................................................................ 8

*In re TikTok, Inc.,*
85 F.4th 352 (5th Cir. 2023) .............................................................. 18

*Vais Arms, Inc. v. Vais,*
383 F.3d 287 (5th Cir. 2004) ............................................................... 7

## INTRODUCTION

This case belongs in NDCA.  The case could have been brought there, just like the several previous cases against Samsung that this Court has ordered transferred from Texas to NDCA.  And NDCA is plainly more convenient.  Google engineers in NDCA developed the functionalities accused in connection with at least six of eight asserted patents, and Samsung engineers in Korea developed the rest.  Google employees in NDCA and Samsung employees in Korea are the witnesses most familiar with the accused features' design.  Almost every third-party witness is located in or near NDCA.  And every technical document relevant to the accused products will come from either NDCA or Korea.  Against all that, EDTX—where *none* of the accused products were designed or developed—offers two witnesses and some documents relevant to damages.  The district court's refusal to transfer the case is a clear abuse of discretion.

As Samsung has explained, the district court's decision rested primarily on two significant legal errors.  First, the court imposed unprecedented, baseless evidentiary requirements for showing that venue was proper in NDCA.  Second, the court severely discounted

witnesses and evidence from Google and prior artists, impermissibly assuming that they would not play an important role at trial. Those errors infected nearly every aspect of the district court's decision.

Mullen's efforts to defend the decision—a mix of rote recitation of the district court's reasoning and attempts to distract from it—only confirm the severity of the court's errors. Mullen first argues that the petition is untimely. But precedent forecloses that proposition; this Court has repeatedly granted petitions in comparable circumstances. And at any rate, Mullen fails to explain how a few weeks of continued litigation in its preferred forum caused any prejudice.

Turning to the merits, Mullen offers little in response to Samsung's arguments. With respect to venue in NDCA, Mullen declines to defend the district court's core rationale—and Mullen's own argument below— that Samsung was required to provide the street address of SEA's NDCA facility. Instead, Mullen offers the even weaker argument that two sworn declarations from SEA employees and an office lease report were insufficient to establish that SEA actually occupies the facility.

As for the convenience factors, Mullen alternately mischaracterizes the record and seeks to expand it with post-motion events—something

that is squarely prohibited by this Court's precedent. And instead of engaging with Samsung's arguments, Mullen mostly ignores them, simply reiterating the district court's reasoning. But repeating errors does not legitimate them. The court consistently discounted witnesses and evidence in and around NDCA on legally erroneous grounds. Mullen does not even attempt to reconcile the court's reasoning with this Court's decisions. Beyond its improper efforts to revise the record, Mullen offers no substantive defense whatsoever of the district court's decision. That is compelling confirmation that the district court abused its discretion. This Court should grant the writ and order this case transferred to NDCA.

## REASONS WHY THE WRIT SHOULD ISSUE

### I.    Mullen's Delay Argument Is Meritless

Mullen's headline argument against mandamus is that Samsung waited too long to file its petition. Opp. 1, 6, 15-16. Not so. This Court has expressly held that a 69-day period between transfer order and mandamus petition—significantly longer than the 43 days at issue here—was not "so substantial and prejudicial as to warrant denial of the petition." *In re Microsoft Corp.*, 2023 WL 3861078, at *1 n.* (Fed. Cir.

June 7, 2023).  Indeed, a 43-day period between order and petition is
hardly unusual—and, as the Fifth Circuit has held, is consistent with
reasonable diligence.  *See, e.g.*, *Def. Distributed v. Bruck*, 30 F.4th 414,
424-25 (5th Cir. 2022) (holding that petitioner who waited 39 days to file
was "diligent"); *see also, e.g.*, *In re Apple Inc.*, 2021 WL 5291804, at *5
(Fed. Cir. Nov. 15, 2021) (granting petition filed 50 days after order); *In
re Honeywell Int'l Inc.*, 2024 WL 302397, at *1 (Fed. Cir. Jan. 26, 2024)
(granting petition filed 55 days after order, *see* No. 23-152 Pet. 6).  By
contrast, in the only case on which Mullen relies, the delay was far
longer—five months. *In re Telular Corp.*, 319 F. App'x 909, 911 (Fed. Cir.
2009).  The time between order and petition here provides no justification
for denying relief.

Mullen notably fails to argue that it was prejudiced by the 43-day
period, or to identify any other substantive justification for weighing that
period against mandamus.  Mullen observes that the case has continued
to proceed toward the close of fact discovery.  Opp. 16.  But nothing about
the progress of the litigation in EDTX has prejudiced Mullen, which chose
to bring this suit in EDTX and cannot now complain about spending 43
more days litigating in its preferred forum.  Nor can Mullen complain

4

that the case is somehow too advanced for transfer, given that Mullen's requested venue discovery took months and Mullen successfully opposed Samsung's effort to stay the case pending resolution of the transfer motion. Dkts. 78, 82; Appx0019. And the case's progress will not be lost in NDCA if the case is transferred. Having brought this suit in EDTX, despite the lack of any material connection to that district, and despite the fact that past, similar cases against Samsung have been transferred out of Texas for convenience, Pet. 1-2, Mullen should not now be heard to protest the time necessary to resolve the venue issue that Mullen itself created.

## II.    Venue Is Proper in NDCA

Mullen's defense of the district court's conclusion that SEA did not demonstrate a regular and established place of business in NDCA rests on obscuring the court's reasoning. That only confirms that the court's decision is impossible to defend.

Mullen first asserts that the court "did not impose a 'street address' requirement." Opp. 17. But despite Mullen's efforts to obscure the point, including by eliding the relevant text with an ellipsis, *compare* Opp. 18 *with* Appx0004, the district court indeed held that Samsung failed to

provide "*evidence of these facilities' addresses* or support that either Defendant operates a regular and established place of business at these *unidentified* facilities." Appx0004 (emphases added). Critically, Mullen does not argue that this Court—or *any* court—has held that a street address is a necessary element of demonstrating a regular and established place of business. That is because, as Samsung established in the petition and Mullen does not dispute, a defendant may have a regular and established place of business despite lacking a "fixed physical presence in the sense of a formal office or store." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985); *accord In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). The district court therefore abused its discretion in requiring what the law does not. *See* Pet. 17-18.

In any event, Samsung *did* provide evidence of the facilities' addresses in its reply brief. *See* Appx0536; Appx0546. That the additional evidence supporting Samsung's venue argument came in response to Mullen's opposition (Appx0185) is a feature of adversarial litigation, not the kind of sandbagging that implicates the rule against new arguments in reply. *See* Pet. 18-19; *contra* Opp. 18. Samsung can hardly be faulted for failing to anticipate that Mullen would contend that

6

Samsung did not proffer a fact that this Court's decisions have never required. Moreover, Mullen had a full "opportunity to respond" in its surreply brief, meaning that the district court had no justification for ignoring Samsung's evidence. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).

Having abandoned the district court's address requirement, Mullen suggests instead that the facilities Samsung identified might be "home offices of employees or offices that belong to a different entity." Opp. 17 (quoting Appx0003). That argument borders on frivolous. Mullen cannot seriously maintain that a 385,000 square-foot facility with over 200 regular, full-time employees is a home office. Appx0141; Appx0552. And although Mullen speculates that the addresses Samsung provided might belong to "*different* Samsung entities," Opp. 18, Samsung provided unrebutted evidence that SEA maintains offices at the relevant addresses—evidence that included SEA's office lease report and a sworn declaration stating that "SEA has several facilities throughout California, including offices in Mountain View located at 645 and 665 Clyde Avenue, Mountain View, CA 94043." Appx546; Appx0551. And even if Mullen's paper-thin surreply evidence—a Samsung Research

America webpage and a MapQuest printout, SAppx0130-0131; SAppx0140—is credited, that evidence is entirely consistent with Samsung's showing that SEA has a facility on Clyde Avenue. It should go without saying that a 385,000 square-foot facility can house more than one Samsung entity.

Finally, Mullen barely defends the district court's ruling that Samsung failed to allege that it had committed acts of infringement in NDCA. Opp. 18-19. No doubt that is because the complaint itself alleges that Samsung infringes "around the world [and] in the United States"; Samsung admitted in a declaration that SEA sells the accused products in NDCA; and Mullen *did not dispute* infringement in NDCA below. Pet. 20-21 (citation omitted). Mullen is left with the cynical—and legally baseless—argument that transfer should be denied even where the parties do not dispute that the alleged infringement occurred in the transferee district. That hyper-formalism is not the law, for good reason. *Cf. Tewari De-Ox Sys. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014) ("The parties do not dispute that Tewari is a Texas corporation with its principal place of business in Texas. Therefore, Tewari is a citizen of Texas for the purpose of diversity jurisdiction.").

Stepping back, proper venue should not have been controversial here.  This Court has repeatedly transferred infringement claims against SEA to NDCA.  Pet. 16.  Mullen notes that the parties in those cases did not dispute that SEA has a regular and established place of business in NDCA.  Opp. 3.  But that just confirms the point.  Even where parties *did* dispute venue in NDCA—and thus plaintiffs had every incentive to argue that SEA lacked a regular and established place of business there—plaintiffs *still* have conceded that SEA "has offices in [NDCA] from which more than 300 employees work."  *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1375-76 & n.1 (Fed. Cir. 2021).  The plaintiffs offered that concession because the point is not subject to reasonable dispute.  The same is true here, and the district court's contrary conclusion is a clear abuse of discretion.

## III.  The Convenience Factors Show That NDCA Is Clearly More Convenient

Mullen's defense of the district court's assessment of the convenience factors is equally unavailing.

## A.    The Availability of Compulsory Process Strongly Favors Transfer

Mullen attempts to defend the district court's conclusion that the compulsory-process factor is neutral by doubling down on that court's legal errors.   Mullen does not dispute that there are *no* third-party witnesses with relevant information in Texas, and thus no need for compulsory process in EDTX.   Nor does it dispute that Samsung identified seven third-party prior-art witnesses in or near NDCA.  Opp. 21-23.  Instead, Mullen endorses the district court's assertion that there is "no way of knowing whether any of these witnesses may be sought for trial testimony."   Appx0011; *see* Opp. 22-23.   Remarkably, however, Mullen never acknowledges that this Court has repeatedly held that precisely that reasoning constitutes clear legal error.  Pet. 24; *In re HP Inc.*, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018); *In re SAP Am.*, 133 F.4th 1370, 1375 (Fed. Cir. 2025) (similar).

Mullen next reiterates the district court's assertion that Samsung did not prove the prior artists' relevance because "it is unclear whether Defendants have charted any of these alleged pieces of prior art in their invalidity contentions."   Appx0012; Opp. 23.   At the outset, that argument is misleading: as Mullen well knows, in its invalidity

10

contentions, Samsung charted five of the identified references, authored by six NDCA witnesses.  Pet. 25.  Those contentions were served *after* Samsung's transfer motion.  That is undoubtedly why Mullen never argued during the transfer briefing that Samsung had not charted the prior art (and why Samsung never had occasion to respond to that unraised argument).

In any event, the district court's "claim chart" requirement is invented from whole cloth.  As this Court has explained, third-party witnesses are entitled to weight if they possess "relevant and material information."  *In re Netflix, Inc.*, 2022 WL 167470, at *3 (Fed. Cir. Jan. 19, 2022).  A defendant makes that showing by identifying the witnesses and explaining that they are "knowledgeable about prior art pertaining to invalidity issues" that may come up at trial.  *Id*.  Nothing more is required—which makes sense, given that convenience is to be litigated at the "*outset* of litigation" and does not consider post-motion events.  *In re EMC Corp*., 501 F. App'x 973, 975 (Fed. Cir. 2013) (emphasis added); *HP*, 2018 WL 4692486, at *3 (defendant "not required" to commit to calling identified witnesses or explain the substance of their testimony).

11

Samsung unquestionably made the requisite showing here. Because Samsung's transfer motion was filed before invalidity contentions were served, Samsung explained that it had identified seven prior-art witnesses in preparing its "forthcoming invalidity contentions" (six of whom were identified in claim charts, as noted above), and that each was the author or inventor of references that "disclose[] the same general subject matter as eight of the asserted patents." Appx0121-0122. And Mullen did not dispute the identified prior art's relevance, instead observing only that Samsung had not yet subpoenaed them (though it did subpoena prior artist CellPoint, Appx0554-0569). Appx0191. Because Mullen provided "no reason to doubt" Samsung's explanation of the witnesses' relevance, the court was required to weigh them in favor of transfer. *Apple,* 2021 WL 5291804, at *3 (weighing third parties where defendant "alleged" they had relevant and material information and plaintiff provided "no reason to doubt" that allegation). Indeed, this Court has repeatedly found that third-party witnesses are entitled to weight under similar circumstances. *See, e.g.*, *In re Hulu, LLC*, 2021 WL

3278194, at *3 (Fed. Cir. Aug. 2, 2021); *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020).[1]

The district court therefore abused its discretion in discounting the seven third-party witnesses in or near NDCA. Because there are no third-party witnesses in EDTX, the compulsory-process factor strongly favors transfer. *See Apple*, 2021 WL 5291804, at *3; Pet. 23.[2]

## B. NDCA Is Significantly More Convenient for Fourteen Willing Witnesses

Samsung identified eleven Google engineers in NDCA and three Samsung engineers in Korea as likely trial witnesses most knowledgeable about the accused functionality. Each of the fourteen would find NDCA a much more convenient venue. Weighed against them are two Samsung witnesses in EDTX knowledgeable about finance and marketing. Simple arithmetic shows that the balance weighs *strongly* in

---

[1] *Defense Distributed* does not help Mullen. Opp. 22. There, the court held that "conclusory assertions" that "any non-party witnesses" are in the transferee district are insufficient. 30 F.4th at 434. Rather, a party must "identif[y]" specific witnesses in the district. *Id*. Samsung did that here.

[2] As Samsung has explained, Pet. 26 n.2, the district court erroneously characterized eleven Google witnesses as "willing." Appx0011. Mullen simply repeats the court's misplaced reasoning. Opp. 22. Either way, this factor weighs strongly in favor of transfer.

favor of transfer to NDCA. The law accords. *See*, *e.g.*, *In re Samsung Elecs. Co.*, 2023 WL 8642711, at \*2 (Fed. Cir. Dec. 14, 2023); *see also* Pet. 31.

The district court was able to avoid that conclusion—finding this factor only slightly favors transfer—only by speculating that the Google witnesses would not be important at trial and therefore affording them little weight. That was legal error. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009); Pet. 28-29. Mullen does not defend the district court's reasoning; although it asserts in passing that Google Maps is "only one" of three accused technologies, Opp. 24, it does not dispute that the court discounted the Google witnesses based on speculation about importance at trial. That is sufficient to conclude that the district court committed clear legal error.

Mullen attempts to prop up the court's erroneous conclusion with two post hoc justifications. Both are nowhere to be found in the court's analysis and wrong in their own right. First, Mullen impermissibly relies on Samsung's recent identification of one Google witness as a trial witness. *Cf.* Opp. 24-25. But this Court has repeatedly held that post-transfer-motion events may not be considered in assessing the

14

convenience factors.  *See*, *e.g.*, *In re NetScout Sys.*, 2021 WL 4771756, at *5 (Fed. Cir. Oct. 13, 2021) (declining to consider judicial-economy considerations weighing against transfer that arose after briefing, and citing cases).  That is because a party seeking to defeat transfer to a more convenient venue may shape its litigation strategy to minimize the role of witnesses in that venue. *See id.*; *Samsung*, 2 F.4th at 1377-78.  Mullen, as the plaintiff, controls the scope of its infringement case and discovery requests, and the number of Google witnesses Samsung ultimately calls at trial is responsive to Mullen's choices in discovery.  This Court must consider the convenience of the witnesses from the perspective at the time of the motion—which strongly favored transfer by a score of fourteen to two—and "guard against" any "manipulative measures designed to defeat transfer to a more convenient venue."  *NetScout*, 2021 WL 4771756, at *5; *see HP*, 2018 WL 4692486, at *3 (party seeking transfer need not demonstrate that it *will* call identified witnesses for them to be counted in the analysis).

Second, Mullen's contention that obtaining source code obviates any need for Google witnesses at trial, Opp. 25, mischaracterizes the record.  Mullen's assertion that "Samsung itself admitted" that only

technical experts, and not fact witnesses, will testify about the accused functionality relies on a quotation that Mullen modified to mention experts and also took out of context. Opp. 25 (citing Appx0191). In fact, the underlying exhibit shows that Samsung was discussing Samsung's *STF* code, not Google functionalities to which Google witnesses would be relevant. SAppx149. Even worse, Samsung stated only that Mullen, just as well as Samsung, could determine "*what code has been loaded* onto the source code computer." SAppx149 (emphasis added). Samsung did not even mention experts. And Samsung has never stated that expert testimony obviates the need for technical witness testimony.

When the eleven Google witnesses in NDCA are given the weight required by law, this factor *strongly* favors transfer. The district court's contrary conclusion was a clear abuse of discretion.

## C. The Sources of Proof Are Overwhelmingly Found in NDCA

Mullen does not dispute that *all* technical documents relevant to the accused products will come from either NDCA or Korea, and that the only documents in EDTX are finance and marketing documents related to damages. Pet. 31-32; Opp. 19-21. Under this Court's precedent, those basic undisputed facts establish that the sources-of-proof factor weighs

16

in favor of transfer. *See In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (even when "some relevant documents are located in WDTX," "relevant documents" in NDCA may still "favor[] transfer.").

The district court was able to reach the *opposite* conclusion—that this factor weighs *against* transfer—only by according no weight to Google Wear OS documents and third-party prior-artist records, and next to no weight to Google Maps documents. Pet. 31-35. That was legal error and a clear abuse of discretion. *See id.*

Rather than rehabilitate the district court's errors, Mullen repeats them. Mullen tries to excuse the court's failure to meaningfully consider the Google Maps documents in NDCA by reiterating that Samsung stores some financial documents in EDTX (Opp. 20), but that is no response at all. This Court has explained that giving undue weight to financial documents in the transferor district when significant technical documents are in the transferee district is legal error. *Apple*, 979 F.3d at 1339-40. Here the district court accorded EDTX financial documents *greater* weight without basis. Pet. 35. Mullen parrots the district court's dismissal of Google Wear OS documents in NDCA because Samsung "adapts" Wear OS for its accused products, but Mullen notably does not

17

contest Samsung's point that Wear OS comes to Samsung with programming relevant to the accused features. Opp. 20; Appx0137. Samsung's adaptation of Wear OS thus does not justify assuming that the Google documents are *irrelevant*. *Cf. Hulu*, 2021 WL 3278194, at *3 (abuse of discretion to give no weight to witnesses without case-specific analysis).

Finally, Mullen does not even try to support the district court's categorical dismissal of documents possessed by prior artists in NDCA. Opp. 19-21. Nor could it. Samsung identified each prior artist as having invented "the same general subject matter" as the asserted patents. Appx0121; *see* Appx0155-0162. Nothing more was required. *See*, *e.g.*, *Hulu*, 2021 WL 3278194 at *3. The court's conclusion that Samsung had not shown the relevance of those materials has no basis in law or fact.

## D.    NDCA Has a Clearly Stronger Local Interest

Mullen is unable to muster any meaningful defense of the district court's conclusion that EDTX has a stronger local interest than NDCA, instead merely echoing that court's legal errors—likely because the local-interest analysis should have been straightforward, given that the "events that gave rise to [the] suit" overwhelmingly occurred in NDCA.

18

*In re TikTok, Inc.*, 85 F.4th 352, 364 (5th Cir. 2023) (citation omitted). Two of three accused products were designed and developed in NDCA, and the third, designed in Korea, is part of a platform designed by a Samsung subsidiary in NDCA. No remotely comparable events occurred in Texas.

The district court's local-interest analysis rested on two serious legal errors. Pet. 37-38. First, the court applied the wrong framework, comparing the *parties'* connections with each forum rather than assessing where the "relevant events leading to the infringement claims" took place. *Samsung*, 2 F.4th at 1380. Mullen principally repeats the court's assertion that SEA "maintains an office" in EDTX and keeps some financial documents there, Opp. 26, ignoring that SEA's "general presence in [EDTX] does not give [EDTX] a special interest in the case." *In re Google LLC*, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021). Mullen offers virtually no connection between EDTX and *events giving rise to the suit*, except to allege that Samsung tested in EDTX an accused functionality that was developed elsewhere. Opp. 26-28. But Mullen never grapples with Samsung's argument (Pet. 37) that testing alone

cannot outweigh research, design, and development that "took place largely in Northern California." *Samsung*, 2 F.4th at 1380.

Second, the district court committed legal error in concluding categorically that "non-parties are irrelevant" to the local-interest analysis, Appx0018 (citation omitted), notwithstanding that an infringement suit like this one may "call[] into question the work and reputation" of third parties no less than parties, *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *see Samsung*, 2 F.4th at 1380 (third-party research, design, and development in NDCA are "significant factors" giving NDCA a "legitimate interest" in the litigation). Mullen mostly disregards that indefensible holding, except to suggest that a third party may be ignored if it is a "stranger to [the] lawsuit." Opp. 27 (citation omitted). If defending the district court's ruling requires treating Google as a "stranger to this lawsuit," despite the centrality of Google technology to this case, that is just another indication that the decision below is patently erroneous.

## CONCLUSION

Samsung respectfully requests that the Court issue a writ of mandamus directing the district court to transfer this case to NDCA.

DATED:  May 19, 2025          MUNGER, TOLLES & OLSON LLP

By:   /s/ Ginger D. Anders

EVAN MANN                          GINGER D. ANDERS
MUNGER, TOLLES & OLSON LLP         MUNGER, TOLLES & OLSON LLP
560 Mission Street                 601 Massachusetts Avenue NW
27th Floor                         Suite 500 E
San Francisco, CA 94105            Washington, DC 20001
Telephone: (415) 512-4000          Telephone: (202) 220-1100
                                   Email: ginger.anders@mto.com

*Counsel for Samsung Electronics Co., Ltd.
and Samsung Electronics America, Inc.*

21

## CERTIFICATE OF COMPLIANCE

1.    This petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1).  The body of the petition contains 3,897 words, excluding the portions exempted by rule.

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in New Century Schoolbook 14-point font.


DATED:  May 19, 2025                    By:  */s/ Ginger D. Anders*
                                             Ginger D. Anders

## CERTIFICATE OF SERVICE

I certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system. A copy has been served on all parties by electronic means.

I further certify that I caused a paper copy of this document to be sent by an express carrier to the presiding district judge at the following address:

U.S. District Judge Rodney Gilstrap
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, TX 75670

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 DATED:  May 19, 2025                    By:  */s/ Ginger D. Anders*
                                              Ginger D. Anders