NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**In Re SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,**
*Petitioners*

———————————

2025-129

———————————

On Petition for Writ of Mandamus to the United States
District Court for the Eastern District of Texas in No. 2:24-
cv-00049-JRG, Judge J. Rodney Gilstrap.

———————————

## ON PETITION

———————————

Before REYNA, MAYER, and CHEN, *Circuit Judges*.

PER CURIAM.

### O R D E R

Samsung Electronics Co., Ltd. (SEC) and Samsung
Electronics America, Inc. (SEA) (collectively, Samsung) pe-
tition for a writ of mandamus directing the United States
District Court for the Eastern District of Texas (EDTX) to
vacate its order denying Samsung's motion to transfer and
to transfer the action to the United States District Court
for the Northern District of California (NDCA).  Mullen In-
dustries LLC (Mullen) opposes.  We deny the petition.

2                           IN RE SAMSUNG ELECTRONICS CO., LTD.

Mullen sued SEC, a Korean company, and its American subsidiary, SEA, alleging their smartphones, tablets, and watches infringe several patents. Two of the accused functionalities include Google Maps and Wear OS, originally designed and developed by non-party Google, Inc. It is undisputed, however, that Samsung utilizes its own adapted version of Wear OS and that any relevant documentation of that functionality is in Korea.

Samsung moved to transfer the case to NDCA pursuant to 28 U.S.C. § 1404(a) based primarily on Google's presence in that forum. The district court denied the motion. The court concluded Samsung had not demonstrated SEA had an established presence in NDCA sufficient for patent venue, 28 U.S.C. § 1400(b), such that the entire action "might have been brought" in NDCA, § 1404(a). Samsung's motion, the district court explained, had only stated that "SEA has offices with over 200 regular full-time employees in the NDCA." Appx04. The district court found Samsung had "fail[ed] to support this allegation with evidence of these facilities' addresses or support that either Defendant operates a regular and established place of business at these unidentified facilities." *Id.*

The court nevertheless proceeded to analyze the merits of the motion under the traditional transfer factors. The court found that EDTX had a stronger local interest than NDCA in resolving this case, noting Google was not a party to the action, SEA maintains a large presence in EDTX with relevant connections to the case, and "Defendants have tested at least one of the accused functionalities in this District." Appx17. The court also found that transfer would not result in more convenient access to sources of proof, because, among other things, SEA maintained damages-related documents in EDTX and most of the technical documents are likely outside either forum, in Korea.

As to the willing witnesses factor, the court acknowledged that NDCA would be more convenient for potential

Google witnesses and for SEC employees in Korea who may testify. But it found that any comparative advantage to NDCA in this regard was tempered by the presence of potential SEA employee witnesses in EDTX and the fact that Samsung used non-Google software or an adapted version of Google's software for two of the three accused functionalities. The court found that the remaining factors were neutral. On balance, the court determined Samsung had failed to show that NDCA was clearly more convenient.

To establish entitlement to the extraordinary remedy of a writ of mandamus, a petitioner must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). On review of a § 1404(a) transfer decision, we apply the law of the regional circuit—here, the United States Court of Appeals for the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Applying Fifth Circuit law, we grant mandamus only when there is such a "clear" abuse of discretion that it produced a "patently erroneous result." *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). Samsung has not satisfied that demanding standard here.

We see no clear abuse in the district court's conclusion that Samsung did not satisfy the threshold requirement for transfer under § 1404(a). The burden for establishing transfer was on Samsung. *Volkswagen*, 545 F.3d at 315. And Samsung dedicated a perfunctory sentence in its transfer motion to assert venue over SEA in NDCA was proper. The court plausibly focused on that *de minimis* presentation, *see generally Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251–52 (5th Cir. 2022), and concluded it was insufficient. We cannot say that

conclusion was a clear abuse of discretion.[1]  Furthermore, Samsung has not otherwise shown a clear and indisputable right to transfer.  The district court plausibly found that EDTX—where SEA maintains significant relevant operations and where at least one of the accused products was tested—is home to potential witnesses and sources of proof. While Samsung contends that the court should have given more weight to potential witnesses and sources of proof in, or closer to, NDCA, we cannot say the district court's conclusion that Samsung failed to show NDCA was clearly more convenient was a clear abuse of discretion.[2]

Accordingly,

---

[1]  Although there is not a venue problem with NDCA for SEC, a foreign corporation, *see In re HTC Corp.*, 889 F.3d 1349, 1356 (Fed. Cir. 2018), "[i]n suits against multiple defendants, transfer is proper only to a district in which all of them are subject to personal jurisdiction and in which venue is proper for an action against all of them," 15 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3845 (4th ed. May 2025 Update) (collecting cases).

[2]  Samsung notes that third-party potential witnesses who can be compelled to testify by way of subpoena have been identified in NDCA but not in EDTX.  However, in cases like this, where no individual has been identified as unwilling to testify, that factor is not generally entitled to significant weight.  *See In re TikTok Inc.*, 85 F.4th 352, 361 (5th Cir. 2023).

IN RE SAMSUNG ELECTRONICS CO., LTD.                    5

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 9, 2025
Date